UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARR PETER BROWN, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-262-HAB-SLC |
| PARKVIEW REGIONAL MEDICAL CENTER, et al., | |
| Defendants. | |

OPINION AND ORDER

Marr Peter Brown, a prisoner proceeding without a lawyer, filed an amended complaint. (ECF 11.) In accordance with 28 U.S.C. § 1915A, the court must review the complaint to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Brown is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

This is Mr. Brown's second attempt to plead his claims. He filed an original complaint, which was stricken because it was not on the correct form and did not

adequately set forth his claims. The court afforded him an opportunity to file an amended complaint, and he responded with the present pleading.

Mr. Brown's claims stem from his Indiana criminal conviction for attempted murder.[1] *Brown v. State*, 175 N.E.3d 364 (Table), 2021 WL 4434798 (Ind. Ct. App. Sept. 28, 2021), *trans. denied*, 180 N.E.3d (Ind. 2022). In affirming his conviction on direct appeal, the Indiana Court of Appeals set forth the facts underlying his conviction as follows:

> In September 2017, James Walker met Brown and developed a business relationship with him in which Walker would sell marijuana for Brown. At some point, Brown believed Walker owed him $100,000. In 2018, they had a disagreement over their relationship and money. . . .
>
> On December 19, 2018, Walker, who was unarmed, went to Kroger with his niece, Chaquasha Smith, and her three-month-old baby. Walker began shopping and, while he was holding the baby, encountered Brown at the end of an aisle. Walker laughed and said, "Yeah, I talked to your people. You're trying to kill me. I talked to your people." Brown looked at Walker and smiled, and Walker went his way and continued to shop. Walker encountered Brown again and said: "Bro, how you gonna try to get somebody to try to kill me when we was doing business together? You didn't hold up to your end and I did what I did and you got mad because you didn't hold up to your end of the deal, so you felt I took something from you, I felt I didn't. I felt you owe me."
>
> Brown became mad, said "[o]kay," and put his hand in his hoodie pocket. Walker looked at him, became mad, set the baby down, and "confronted him again and [Brown] shot" him. The first shot struck Walker in the back of the arm, and he "took off running . . . to try to get out of harm's way." Brown chased Walker and shot him in the back of the leg from behind. At some point, Walker fell to the ground, noticed he was shot in the leg, and began crawling away. Brown left Walker for a period of time. Walker turned around to try to see where Brown was and saw him walking towards him. Brown extended his arm, pointed the gun at

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

> Walker's face, and attempted to fire, but the gun "must have malfunctioned.". . .
>
> The first bullet shattered the bone in Walker's upper arm. The second bullet struck the main artery in his leg and stomach. Walker's stomach and arm were reconstructed, and he underwent eight surgeries and spent almost two months in the hospital. His leg is partially paralyzed "until the nerves grow back, because it hit the main artery."

*Id.* at *1-2 (internal citations, headnotes, and footnotes omitted). Mr. Brown was charged and convicted of attempted murder. *Id.* at *2-6.

After his direct appeal concluded, Mr. Brown pursued federal habeas relief challenging his conviction. *Brown v. Warden*, No. 3:22-CV-422-JD-MGG, 2022 WL 2116650 (N.D. Ind. June 13, 2022). He argued that he was entitled to federal habeas relief "because the prosecution's failure to call the victim's treating physicians as witnesses violated his right to compulsory process," and because the prosecution "presented the victim's false testimony." *Id.* at *1. In his view, there were discrepancies between the medical records and the victim's testimony about his injuries. He argued:

> [The victim] testified that he was shot in the back of his arm, he took off running to try to get out of harm's way, and Brown chased him and shot him in the back of his leg from behind. The medical records indicate that [the victim] had two bullet wounds with no exit wounds: one hole in his bicep; and the other in his pelvic/thigh from the anterior. Someone also altered the victim's medical records before they were given to me. Both of the victim's wounds were on the left arm and left leg.

*Id.* The court found that both of his claims were procedurally defaulted. *Id.* To excuse his default, he argued actual innocence. *Id.* In evaluating this claim, the court concluded that the medical evidence was consistent with the victim's testimony. *Id.* at *2-3. The court also found nothing contradictory in the medical records Mr. Brown presented, or

3

any evidence to suggest the records had been altered. *Id.* The court concluded that he did not meet the actual innocence exception and denied habeas relief. *Id.*

Mr. Brown then filed this civil lawsuit. He sues three physicians and the records custodian at Parkview Regional Medical Center in Fort Wayne, Indiana, where the shooting victim obtained medical treatment. He asserts that the one of the physicians made conflicting statements in his medical notes, which in his view calls for "clarification" and "for the release of James Walker's photographic evidence of his physical [gunshot wound] location along with the radiology films, which will show the bullet entry point and path of travel." (ECF 11 at 2.) He further asserts that the other physicians assisted in the provision of treatment and "signed off" on the allegedly contradictory medical notes. He claims this "violated my due process because without the correct facts, the information that's being told to the jurors was incorrect, which . . . impede[d] my development of any favorable defense." (*Id.* at 4-5.) He further claims that as a result of the alleged errors by the physicians he was denied a "fair trial." (*Id.* at 5.) He seeks $5 million in damages and other relief. (*Id.* at 4.)

Mr. Brown has not stated a plausible constitutional claim against any defendant. His complaint makes clear that the physicians and records custodian work at a private medical facility that provided treatment to a private citizen. As such, they are not "state actors" who can be sued for constitutional violations under 42 U.S.C. § 1983. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 829 (7th Cir. 2009). He may be trying to assert negligence or some other state law tort against the doctors, but without a viable federal

4

claim, he cannot litigate a state law claim in federal court.² *See* 28 U.S.C. § 1367; *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010).

Assuming for the sake of argument the defendants could be deemed state actors based on the role they played in his criminal case, Mr. Brown cannot use a federal civil suit to attack his attempted murder conviction. Instead, his only remedy in federal court is through habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). It appears he was hoping for a second opportunity for a federal judge to weigh in on his medical records argument. However, he cannot pursue a civil claim alleging that he did not shoot Mr. Walker in the leg, that the evidence of his guilt was insufficient, or that he was denied a fair trial in violation of due process, because such claims rests on a presumption that his attempted murder conviction is invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). These claims cannot be brought unless and until his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. There is no indication from the complaint this has occurred. To the contrary, public records reflect that his efforts to overturn his conviction to date have been unsuccessful.

---

² There is also no apparent basis to conclude that diversity jurisdiction exists. He does not plead the citizenship of any party as required to invoke diversity jurisdiction, but it is evident that he and the defendants are all located in Indiana. *See* 28 U.S.C. § 1332. The court notes additionally that a state law tort claim would be untimely, because the medical treatment at issue occurred in 2018 and his trial was held in November 2020. Both of these dates were more than two years prior to the date he initiated this lawsuit. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (statute of limitation for personal injury claims in Indiana is two years).

5

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). Mr. Brown has already amended his complaint once, and the court finds no basis to conclude that if given another opportunity, he could assert a plausible claim against these defendants for the reasons outlined above.

Mr. Brown also filed several motions requesting subpoenas. (ECF 5, 6, 7, 8, 9.) It appears he is trying to conduct discovery, but discovery is inappropriate because he is not being granted leave to proceed on any claim under 28 U.S.C. § 1915A. He also moves for "waiver" of the filing fee (ECF 10), but he has already been granted leave to proceed in forma pauperis in this case. If he is asking for the fee to be waived in its entirety, the court is precluded by statute from granting him such relief. 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee.").

For these reasons, the plaintiff's motions (ECF 5, 6, 7, 8, 9, 10) are DENIED. This action is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The clerk is DIRECTED to close this case.

SO ORDERED on August 1, 2023.

s/Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT